UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VAN CAMERON BURKHARDSMEIER,

          Plaintiff,

      v.

WASHINGTON STATE PATROL
CRIME LAB, et al.,

          Defendants.

CASE NO. C14-5464 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

       This matter comes before the Court on Defendants Jean Johnston, Caron Pruiett, and Washington State Patrol Crime Lab's ("State Defendants") motion for summary judgment (Dkt. 14) and Plaintiff Van Cameron Burkhardsmeier's ("Burkhardsmeier") motion for summary judgment (Dkt. 16).  The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the State Defendants' motion and denies Burkhardsmeier's motion for the reasons stated herein.

# I. PROCEDURAL HISTORY

On May 1, 2014, Burkhardsmeier filed a complaint against State Defendants, Clark County Sheriff's Office, and K. Jones ("County Defendants") in Clark County Superior Court for the State of Washington.  Dkt. 1, Exh. 2 ("Comp.").  Burkhardsmeier asserts a federal law cause of action under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights and state law causes of action for violation of his state common law right to privacy and violation of his rights under Washington's Constitution.  *Id.*

On June 11, 2014, County Defendants removed the matter to this Court based on the 42 U.S.C. § 1983 claim.  *Id.*

On April 8, 2015, State Defendants filed a motion for summary judgment on Burkhardsmeier's state law claims.  Dkt. 14.  On April 23, 2015, Burkhardsmeier filed a motion for summary judgment on his federal law and state law claims. Dkt. 16.  On April 29, 2015, Burkhardsmeier responded to State Defendants' motion.  Dkt. 17.  On April 30, 2015, County Defendants objected to Burkhardsmeier's motion.  Dkt. 18.[1]  On May 1, 2015, State Defendants replied to Burkhardsmeier's response.  Dkt. 19.  On May 11, 2015, State Defendants responded to Burkhardsmeier's motion.  Dkt. 20.[2]

# II. FACTUAL BACKGROUND

On September 21, 2011, Burkhardsmeier was booked into Clark County jail on charges of fourth degree assault (domestic violence), reckless endangerment, reckless

---

[1] The Court denies County Defendants' request to strike Burkhardsmeier's untimely response because no prejudice has been shown.
[2] The Court denies State Defendants' request to strike material submitted with Burkhardsmeier's motion because the issue is moot.

1   driving, harassment, and violation of a domestic violence court order.   Comp., ¶ 2.

2   Pursuant to a plea agreement, Burkhardsmeier was convicted of violating a domestic

3   violence court order, and the charge of harassment was dismissed.  Comp., ¶ 3.  On

4   September 29, 2011, after this conviction, Clark County jail staff obtained a DNA sample

5   from Burkhardsmeier by applying a cotton swab (known as a buccal swab) to the inside

6   of Burkhardsmeier's cheek.  Dkt. 14-2, Declaration of Jean Johnston (Johnston Decl.), ¶

7   9.  Burkhardsmeier concedes that no Washington State Patrol ("WSP") employee took,

8   oversaw, supervised, or directed the September 29, 2011 taking of his DNA.

9          Clark County placed Burkhardsmeier's sample on a collection card and forwarded

10  that card to WSP.  On November 29, 2011, relying on Clark County's representation that

11  Burkhardsmeier had been convicted of a qualifying offense, WSP entered

12  Burkhardsmeier's DNA sample into its Combined DNA Index System (CODIS). The

13  following day, the CODIS system determined that Burkhardsmeier's DNA matched the

14  DNA taken from a semen stain on the underwear of an alleged rape victim in a case

15  under investigation by Vancouver Police Detective Darren McShea.  Johnston Decl., ¶¶

16  10-11.  Following its established standards and practices, WSP shared the CODIS match

17  with Detective McShea.  Dkt. 14-3, Declaration of Caron Pruiett, ¶ 5.

18         Burkhardsmeier was later charged with rape.  On April 19, 2013, Burkhardsmeier

19  signed a "Statement of Defendant on Plea of Guilty" in which he admitted the

20         State can prove beyond a reasonable doubt that I committed the crime of
       assault in the fourth degree . . . . Jennifer Replogle was raped or otherwise
21     had illicit (sic) sexual contact. She has mental capacity issues, my DNA is
       on her underwear, and a jury could believe I had non-consensual contact
22     with her.

Dkt. 15, Declaration of Steve Puz, Exh. 1(a).  On May 3, 2013, Clark County Superior Court Judge Robert Lewis entered Findings of Fact, Conclusions of Law, and Judgment and Sentence that found Burkhardsmeier guilty of fourth degree assault, and sentenced him to 327 days of confinement in the Clark County jail.  *Id*., Exh. 1(b).  Burkhardsmeier did not appeal the judgment or sentence.  Instead, he filed this action for damages asserting that the collection of his DNA violated his rights.

### III. DISCUSSION

In this case, State Defendants move for summary judgment on Burkhardsmeier's claims for violation of the Washington Constitution and violation of his common law privacy rights, and Burkhardsmeier moves for summary judgment on the issue of whether RCW 43.43.754(8) violates either the state or federal constitution.

**A.      Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must

1    present specific, significant probative evidence, not simply "some metaphysical doubt").

2    *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

3    if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

4    jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc*., 477

5    U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

6    626, 630 (9th Cir. 1987).

7        The determination of the existence of a material fact is often a close question. The

8    Court must consider the substantive evidentiary burden that the nonmoving party must

9    meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

10   U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630.  The Court must resolve any factual

11   issues of controversy in favor of the nonmoving party only when the facts specifically

12   attested by that party contradict facts specifically attested by the moving party.  The

13   nonmoving party may not merely state that it will discredit the moving party's evidence

14   at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

15   *Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

16   nonspecific statements in affidavits are not sufficient, and missing facts will not be

17   presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

18   **B.    State Defendants' Motion**

19           **1.    Washington Constitution**

20       Although Burkhardsmeier seeks damages from State Defendants for the alleged

21   violation of article 1, section 7 of the Washington Constitution, Washington does not

22   recognize a tort remedy for such a violation.  *Reid v. Pierce Cnty.*, 136 Wn.2d 195, 213

1    (1998).  Burkhardsmeier recognizes this state of the law, yet fails to dismiss his claim.

2    Dkt. 17 at 6.  Regardless, Burkhardsmeier's claim for damages under the Washington

3    Constitution is without merit.  Therefore, the Court grants the State Defendants' motion

4    on this claim.

5          **2.      Washington Common Law**

6          State Defendants argue that they are entitled to summary judgment on

7    Burkhardsmeier's common law right of privacy claim because (1) Burkhardsmeier fails

8    to show a violation of his rights, (2) Burkhardsmeier's rights were not violated by sharing

9    his DNA information with Detective McShea, and/or (3) the communication was

10   privileged.  With regard to State Defendants' first argument, it is undisputed that

11   Washington recognizes that collection of DNA from convicted felons is not a violation of

12   an individual's rights.  *See State v. Surge*, 160 Wn.2d 65, 76 (2007).  The Court,

13   however, declines to extend that rule of law to the facts of this case wherein the

14   collection was obtained after Burkhardsmeier was convicted of a violation of a domestic

15   violence order.  Therefore, the Court denies State Defendants' motion on this issue.

16         With regard to Burkhardsmeier's claim for intrusion on seclusion, Burkhardsmeier

17   must show a "deliberate intrusion, physical or otherwise, into a person's solitude,

18   seclusion, or private affairs." *Fisher v. State ex rel. Dep't of Health*, 125 Wn. App. 869,

19   879 (2005).  The intruder must have acted deliberately to achieve the result, with the

20   certain belief that the result would happen.  *Estate of Jordan v. Hartford Accident &*

21   *Indem. Co.*, 120 Wn.2d 490, 505–06 (1993).  Intent is thus an essential element.  *Id.*

22

1    In this case, Burkhardsmeier fails to submit any evidence of an intentional act by

2    State Defendants.  At most, the undisputed evidence shows that the State Defendants

3    relied on the County Defendants' representation that Burkhardsmeier was arrested for a

4    qualifying offense.  This is not an intentional act, and the Court declines to adopt a rule

5    that the State Defendants must double-check representations from County police.

6    Therefore, the Court grants State Defendants' motion on this issue.

7    With regard to Burkhardsmeier's claim for invasion of privacy by publication, the

8    Court agrees with State Defendants that communication to one person does not satisfy the

9    publicity element of Burkhardsmeier's claim.  *See Fisher v. State ex rel. Dep't of Health*,

10   125 Wash. App. 869, 879 (2005)  ("publicity for the purposes of [this claim] means

11   communication to the public at large so that the matter is substantially certain to become

12   public knowledge, and that communication to a single person or a small group does not

13   qualify.")  It is undisputed that the State Defendants only communicated

14   Burkhardsmeier's DNA evidence to one detective that was assigned to a cold case.  This

15   communication does not meet the publicity element.  Therefore, the Court grants State

16   Defendants' motion on this issue.

17   With regard to privileged communication, State Defendants argue that their

18   communication was privileged because (1) it was in the course of official duties and (2) it

19   was on a matter of public concern.  Dkt. 14 at 17–18.  The Court finds that neither of

20   these privileges easily applies to the facts of this case.  Because the Court grants the State

21   Defendants complete relief based on other issues, the Court declines to decide the

22

1  privilege issues.  Therefore, the Court denies the State Defendants' motion on these

2  issues.

3      **3.**       **Collateral Attack**

4        The State Defendants argue that Burkhardsmeier is barred from bringing his

5  claims for damages because it is essentially a collateral attack on a valid conviction and

6  sentence.  Dkt. 14 at 18–22.  The Court agrees.  An individual may only attack his order

7  of sentence "in a collateral proceeding if it is absolutely void, not merely erroneous."

8  *Bresolin v. Morris*, 86 Wn.2d 241, 245 (1975), *supplemented* by 88 Wn.2d 167 (1977).

9  As a matter of law, Burkhardsmeier may not bring this lawsuit to challenge his

10  confinement without obtaining a judgment that his conviction and sentence are absolutely

11  void.  Therefore, the Court grants State Defendants' motion on this issue.

12  **C.**    **Burkhardsmeier's Motion**

13        Burkhardsmeier moves for summary judgment on the issue of whether RCW

14  43.43.754(8), the "mistake provision," is unconstitutional.  Dkt. 16.  The statute provides

15  as follows:

16          The detention, arrest, or conviction of a person based upon a
database match or database information is not invalidated if it is determined

17  that the sample was obtained or placed in the database by mistake, or if the
conviction or juvenile adjudication that resulted in the collection of the

18  biological sample was subsequently vacated or otherwise altered in any
future proceeding including but not limited to posttrial or postfact-finding

19  motions, appeals, or collateral attacks.

20  RCW 43.43.754(8).  The State Defendants argue that Burkhardsmeier has failed to raise

21  any justiciable issue concerning this statute and that any consideration of

22  Burkhardsmeier's argument would be an improper advisory opinion.  Dkt. 20 at 3.  The

1  Court agrees, and Burkhardsmeier failed to reply to this argument.  Burkhardsmeier's

2  reliance on the mistake provision is only relevant if he was directly challenging his

3  detention, arrest or conviction.  Instead, Burkhardsmeier put the cart before the horse and

4  filed this action for damages for wrongful imprisonment before obtaining a judgment that

5  anything was wrongful regarding his conviction and sentence.  Therefore, any opinion

6  from this Court on the constitutionality of the mistake provision would merely be an

7  advisory opinion for any state or federal collateral attack.  The Court declines to issue an

8  advisory opinion and denies Burkhardsmeier's motion.

9  **IV. ORDER**

10        Therefore, it is hereby **ORDERED** that State Defendants' motion for summary

11  judgment (Dkt. 14) is **GRANTED in part** and **DENIED in part** as stated herein and

12  Burkhardsmeier's motion for summary judgment (Dkt. 16) is **DENIED**.

13        The Clerk shall terminate the State Defendants as parties.

14        Dated this 2nd day of June, 2015.

15

16  _____

17  BENJAMIN H. SETTLE
   United States District Judge

18

19

20

21

22